

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 21, 1969

Honorable J. W. Edgar                    Opinion No. M- 401
Commissioner of Education
201 East 11th Street                     Re:   Construction of S.B. No.
Austin, Texas                                  35, Acts 61st Legislature,
                                               Regular Session, providing
                                               for operation of schools
                                               at the various units of
                                               the Department of Correc-
Dear Dr. Edgar:                                tions.

        You have requested our opinion concerning whether
in estimating the funds needed to finance the Department of
Corrections schools authorized by S.B. No. 35 (Acts 61st Leg.
R.S. 1969, ch. 17, p. 47), codified as Art. 6203b-2, V.C.S.,
the School Fund Budget Committee may include the costs entailed
for the schooling of incarcerated adults who are not high
school graduates.

        We answer your question in the affirmative.  Section
1 of S.B. No. 35 authorizes the Department of Corrections to
establish and operate schools at the various units of the
Department of Corrections.  Section 2 provides that, "All
persons incarcerated in the Department of Corrections who
are not high school graduates are eligible to attend such
schools."  Section 4 provides that the total cost of operating
such schools shall be borne entirely by the state; that such
costs shall be paid from the Foundation School Program Fund;
and that such costs shall be considered annually by the
Foundation School Fund Budget Committee and included in es-
timating the funds needed for the purposes of the Foundation
School Program.  Section 4 further provides that an estimate
of the 1968-1969 school year shall be certified to the Comptroller
by the Committee within 30 days after the effective date of the
Act.

        You have advised that since the inception and imple-
mentation of the Foundation Program Act in 1949, the term "a
child of school age" has been regarded and construed to mean
and include children who are not over 21 years of age at the

- 1988 -

beginning of the scholastic year.

The Legislature had the power and the right to enact said S.B. No. 35. This Act expressly provides that all persons incarcerated in the Department of Corrections who are not high school graduates are eligible to attend such schools, and further provides that the costs of such schools shall be considered annually by the Foundation School Fund Budget Committee and included in estimating the funds needed for purposes of the Foundation School Program.

It is clear that in enacting S.B. No. 35 the Legislature intended for the Foundation School Fund Budget Committee to include in its estimate the costs entailed for the schooling of all persons over 21 years of age as well as all persons under 21 years of age who may be incarcerated in the Department of Corrections and are not high school graduates. Article 6203b, being a remedial or curative statute, must be given a liberal interpretation to carry out the legislative intent. 53 Tex.Jur.2d 303, Statutes, §197.

## S U M M A R Y

In estimating the funds needed to finance the Department of Corrections schools authorized by S.B. No. 35, Acts 61st Leg. R.S. 1969, ch. 17, p. 47 (codified as Art. 6203b-2, V.C.S.), the School Fund Budget Committee shall include the costs entailed for the schooling of all persons both over and under 21 years of age who may be incarcerated in the Department of Corrections and are not high school graduates.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Jack Sparks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Dunklin Sullivan
Tom Bullington
Bill Craig
James Quick

W. V. Geppert
Staff Legal Assistant

Hawthorne Phillips
Executive Assistant